NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                                                          :      Chapter 7
                                                                                     :
Wang Shuang,                                                          :      Case No. 24-10996 (JLG)
                                                                                     :
                                              Debtor.                :
---------------------------------------------------------- x

**MEMORANDUM DECISION AND ORDER RESOLVING THE LANDLORDS' MOTION FOR AN ORDER (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE CONTINUED EVICTION OF THE DEBTOR PURSUANT TO 11 U.S.C. § 362(b)(22), GRANTING RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO ANY ASPECT OF THE DEBTOR'S EVICTION WHICH MAY BE SUBJECT TO THE STAY PURSUANT TO 11 U.S.C. § 362(d) AND FOR WAIVER OF THE STAY OF ANY ORDER UNDER FED. R. BANKR. P. 4001(a)(3); AND/OR (II) DISMISSING THE DEBTOR'S CASE WITH PREJUDICE**

**APPEARANCES:**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
*Counsel to Movants Avinash Satwalekar and Kavita Satwalekar*
200 West 41st Street, 17th Floor
New York, New York 10036
By:    Fred Stevens

Wang Shuang
*Appearing Pro Se*
125 West 31st Street
New York, New York 10001

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION

On June 3, 2024 ("Petition Date"), Wang Shuang (the "Debtor"), pro se, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition") in this Court.[1] In the Petition, Debtor represents that she resides at 125 West 31st Street, New York, New York 10001 (the "New York Property"), but her mailing address is 507 Channing Avenue, Palo Alto, California 94301 (the "California Property"). Petition Pt. 1 ¶ 5. Debtor is the tenant of record at the California Property, per a one-year written lease agreement commencing on September 1, 2023 (the "Lease").[2] With her Petition, Debtor annexed a creditor matrix, stating that she owes $63,000 to Avinash and Kavita Satwalekar, the landlords and owners of the California Property (the "Landlords"). Petition at 1.

Less than a month before the Petition Date, the Landlords commenced an unlawful detainer action against Debtor in the Superior Court of California, County of Santa Clara (the "California Court"), alleging Debtor was in violation of the Lease (the "Action").[3] The Landlords sought money damages and forfeiture of the California Property. On May 28, 2024, the California Court entered a default judgment for possession of real property (the "Judgment of Possession") against Debtor and on May 29, 2024, a writ of possession of real property (the "Writ of Possession") in favor of the Landlords. The sheriff issued a notice of eviction and scheduled the eviction for June 17, 2024. Debtor filed the petition shortly thereafter.

---

[1] *Voluntary Petition for Individuals Filing for Bankruptcy*, ECF No. 1. References to "ECF No. __" are to documents filed on the electronic docket of the above-captioned case.

[2] The Lease is annexed as Exhibit A to the Satwalekar Declaration.

[3] *See Satwalekar v. Shuang*, Case No. 24-cv-438975 (C.A. Sup. Ct., filed May 14, 2024).

2

Before the Court is the Landlords' motion (the "Motion")[4] seeking an order confirming that, pursuant to section 362(b)(22) of the Bankruptcy Code, the automatic stay is not in effect, and they may continue with the eviction of Debtor. The Landlords also seek relief from the automatic stay for cause under section 362(d) with respect to any aspect of the eviction of Debtor, her possessions, and any other occupants of the California Property, to the extent any such stay is in effect. Alternatively, the Motion seeks dismissal of the bankruptcy case with prejudice under section 707(a) based on Debtor's alleged bad faith in filing the Petition.

In support of the Motion, Kavita Satwalekar filed a declaration with accompanying exhibits setting forth the factual allegations underlying Debtor's alleged breach of the Lease and setting forth reasons why the Petition was filed in bad faith (the "Satwalekar Declaration" or "Satwalekar Decl.").[5] Albert Togut, Esq., the chapter 7 trustee, does not object to the relief sought in the Motion.[6] Debtor objected to the Motion.[7] On August 6, 2024, the Court heard oral argument on the Motion. Debtor failed to appear at the hearing.

For the reasons set forth below, the automatic stay does not bar the Landlords' continued prosecution of the Action. To that extent, the Court grants the Motion. The Court need not address the Landlords' alternative request for relief under section 707(a) of the Bankruptcy Code.

---

[4] *Landlords' Motion for an Order (I) Confirming That the Automatic Stay Does Not Apply to the Continued Eviction of the Debtor Pursuant to 11 U.S.C. § 362(b)(22), Granting Relief from the Automatic Stay with Respect to Any Aspect of the Debtor's Eviction Which May Be Subject to the Stay Pursuant to 11 U.S.C. § 362(d) and for Waiver of the Stay of Such Order Under Fed. R. Bankr. P. 4001(a)(3); and/or (II) Dismissing the Debtor's Case with Prejudice*, ECF No. 14.

[5] *Declaration of Kavita Satwalekar, in Support of Landlords' Motion for an Order Granting Them Relief from the Automatic Stay So That They May Proceed with the Eviction of the Debtor*, ECF No. 15.

[6] *Chapter 7 Trustee's No Objection Letter Related to Motion for Relief from Stay*, ECF No. 18.

[7] *Opposition to Motion to Lift Automatic Stay and Motion to Strike Improper Information*, ECF No. 20 ("Objection").

3

**JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

The California Property is a single-family residence in Palo Alto, California, near Stanford University. Satwalekar Decl. ¶¶ 1-2. Debtor took possession of the California Property pursuant to the Lease for the period of September 1, 2023 through August 31, 2024. *Id.* ¶ 3. Property owners in the Channing Place community, where the property is located, are subject to the rules and regulations of the Channing Place Homeowners Association. *Id.* ¶ 4. In connection with the Lease, Debtor acknowledged receipt of those rules and agreed to be bound by them. *Id.*; Lease at 53.

The Landlords testify that shortly after taking possession of the California Property, Debtor, under the alias "Taz Zin," began listing the other bedrooms in the California Property for rent. Satwalekar Decl. ¶¶ 6-8. The Landlords say that they later learned about Debtor's actions and discovered various postings online, including reviews from individuals who had rented rooms. Satwalekar Decl., Ex. B.[8] The Lease expressly prohibits subletting or renting out any portion of

---

[8] The Landlords maintain that as of January 2024, Debtor started splitting her monthly rental payment into two equal payments, with an individual named Lianya Qiao making one of these payments each month. Satwalekar Decl. ¶ 13. The property manager uses an anonymous platform to collect and disburse funds, and therefore, the Landlords say that they were not immediately aware that Lianya Qiao was making payments. *Id.* The Landlords say that Lianya Qiao is currently contesting her payments as improper and seeking recovery of those payments. *Id.* Debtor maintains that she does not know "any individual[]" with the last name Qiao. Objection ¶ 7.

4

the California Property and provides that the landlord may consider such an event a breach of the Lease.[9]

According to the Landlords, to accommodate these renters, Debtor fitted each of the bedrooms with locks and installed a different lock on the front door. Satwalekar Decl. ¶¶ 10-11. The Landlords aver that they did not consent to these alterations and their consent was required under the Lease before Debtor could alter any aspect of the property. Satwalekar Decl. ¶ 10; Lease ¶ 22.

Due to these ongoing Lease violations, on April 23, 2024, the Landlords caused Debtor to be served with a three-day notice to quit (the "Notice to Quit").[10] Satwalekar Decl. ¶ 15; Notice to Quit at 4. The Notice to Quit required Debtor to vacate the California Property. Notice to Quit at 1. It stated that Debtor's tenancy had been terminated "because [she had] materially violated the terms of [her] lease agreement; [she had] assigned and subleased the Premises in violation of the conditions and covenants of [her] lease or rental agreement." Notice to Quit at 4. Debtor claims

---

[9] Paragraph 12 of the Lease provides:

> SUBLETTING AND ASSIGNMENT: No portion of the rental unit shall be sublet nor this Agreement assigned. Any attempted subletting or assignment by Resident shall, at the election of Landlord, be an irremediable breach of this Agreement and cause for immediate termination as provided herein and by law. Resident is prohibited from offering all or part of the rental unit for short-term rental, such as through AirBNB, VRBO or other such sites. Any person who is not named as an Occupant in this Agreement or Resident who signed this Agreement, who occupies any portion of the rental unit, for any period of time whatsoever, for any compensation or consideration whatsoever (including, without limitation, the payment of money and/or trade and/or barter of other goods, services, or property occupancy rights) is not a Guest. This constitutes attempted subletting or assignment under this Agreement, and is, at the election of Landlord, irremediable breach of this Agreement and cause for immediate termination.

Lease ¶ 12.

[10] The Notice to Quit is annexed as Exhibit C to the Satwalekar Declaration.

5

that the Landlords violated California law by charging Debtor one-and-a-half month's rent, in excess of that allowed by California law. Objection ¶ 6.

Debtor did not comply with the Notice to Quit and on May 14, 2024, the Landlords commenced the Action. Satwalekar Decl. ¶ 16. Debtor failed to appear or answer the complaint filed in the Action; on May 28, 2024, the California Court entered the Judgment of Possession.[11] On May 29, 2024, the California Court issued the Writ of Possession.[12] Writ of Possession at 1. On June 3, 2024, the sheriff issued a notice of eviction, scheduling the eviction for June 17, 2024 (the "Notice of Eviction").[13]

On June 3, 2024, Debtor filed her Petition. Debtor identifies the Landlords as potential creditors and represents that over the last 180 days, she has lived in this district longer than any other. Petition, Part 1 ¶ 6.

**The Motion**

In the Motion, the Landlords argue that the automatic stay does not apply to the Action as a matter of law under section 362(b)(22) of the Bankruptcy Code because they obtained a pre-petition Writ of Possession. Motion ¶¶ 39-43. They also state that Debtor has not satisfied the requirements set forth in section 362(*l*) to exempt application of section 362(b)(22). Motion ¶¶ 40-41.

The Landlords maintain that certain courts have found that under California law, a debtor's possessory interest may be protected by the automatic stay even if section 362(b)(22) applies.

---

[11] The Judgment of Possession is annexed as Exhibit D to the Satwalekar Declaration.

[12] The Writ of Possession is annexed as Exhibit E to the Satwalekar Declaration.

[13] The Notice of Eviction is annexed as Exhibit F to the Affidavit.

6

Motion ¶ 44. Thus, out of an abundance of caution, they also seek relief from the automatic stay for cause pursuant to section 362(d)(1). Motion ¶¶ 44-46. They apply the relevant factors set forth by the Second Circuit in *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280 (2d Cir. 1990) to argue that cause exists to grant stay relief. Motion ¶¶ 47-48.

Alternatively, the Landlords contend that if the Court does not grant relief under sections 362(b)(22) or (d)(1) and finds that the automatic stay is still in place, the Court should dismiss Debtor's case with prejudice under section 707(a) of the Bankruptcy Code because it was filed in bad faith. Motion ¶¶ 49-52.

In arguing bad faith, the Landlords contend that there are multiple false statements within the Petition or, at a minimum, information that is significantly different than the representations Debtor made to the Landlords. Motion ¶¶ 26-34. They also note that Debtor has not provided her Social Security number, which they argue may have allowed her to make multiple bad faith filings under various aliases that may include Linya Qiao. Motion ¶¶ 35-37.

**<u>The Objection</u>**

In the Objection, Debtor asks the Court to deny the Motion, strike or exclude certain information in the Motion that Debtor contends "violat[es] the spirit" of Fed. R. Bankr. P. 9037 and California law, and "[a]ddress" the [Landlords'] so-called "unprofessional and defamatory conduct." Objection ¶¶ 1, 10.

Debtor contends that the Motion's inclusion of photographs depicting Debtor and her minor cousin "serves no legitimate purpose and poses unnecessary privacy risks, thereby violating the spirit of Rule 9037." Objection ¶ 1. According to Debtor, these photographs, taken without Debtor's consent "from the premises located at 501 Channing Avenue, Palo Alto, California 94301," also violate 1708.8 of the California Civil Code. Objection ¶ 3. She also contends that

7

these photographs of Debtor and her minor cousin, as well as the license plate numbers depicted in the photographs, are irrelevant and prejudicial under Fed. R. Evid. 403, and should be excluded on that basis. Objection ¶ 2.[14]

Debtor also complains that the Landlords' characterization of Debtor as a "bad actor," is "unprofessional, defamatory, and irrelevant," and asks the Court to "[a]ddress" such "unprofessional and defamatory conduct." Objection ¶ 5. Debtor says that the Landlords have a "history of fraudulent behavior," including lying to courts and fraudulently obtaining the Judgment of Possession against her. Objection ¶ 6. She argues that because the California Property is in threat of foreclosure, the Landlords are evicting her to "deflect the consequences of their mortgage delinquency onto [her]." Objection ¶ 6. She claims never to have used the name "Taz Yin," and never to have subleased the California Property. Objection ¶ 6.

## APPLICABLE LEGAL STANDARDS

Filing a bankruptcy petition has certain immediate consequences, including the imposition of an automatic stay under section 362(a) of the Bankruptcy Code. 11 U.S.C. § 362(a); *In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir. 1992) ("By its very terms, no action by any court

---

[14] Debtor also says that a standing restraining order by the Santa Clara Superior Court "involve[es] the Debtor and minors, which further underscores the need for privacy and careful handling of personal information." Debtor does not elaborate on the content of this restraining order, nor does she explain its application here beyond vaguely asserting that "[t]he inclusion of the Debtor's personal information in the [Landlords'] filing potentially jeopardizes the safety and privacy of the minors protected under this restraining order," and that the disclosure of "the Debtor's personal information . . . is against the privacy protections afforded to minors and individuals under restraining orders and can have severe implications for their safety and well-being." Objection ¶ 4. The Court understands that the restraining order that the Debtor refers to is one against her neighbor at the California Property. *See* Objection ¶ 9 ("The [Landlords'] assertion that the neighbor, against whom Debtor have a restraining order, has never seen the Debtor with a child constitutes an invasion of privacy and is indicative of the [Landlords'] harassment of the Debtor.").

Debtor also appears to suggest that the neighbor and Landlords' property management are responsible for causing Debtor to miscarry. Objection ¶ 9 ("The Debtor has experienced harassment, including multiple attempts by management to enter the premises under the pretense of checking for Airbnb activity . . . and photos and video recording by a neighbor at 501 Channing Avenue. These actions have contributed to significant distress and resulted in a miscarriage. This conduct constitutes a violation of the landlord's duty to provide a habitable living environment."). The Court is sympathetic to Debtor's loss, but it does not bear on the merits of the Motion.

8

is necessary for the stay to take effect."). The filing also creates an estate consisting of "all legal or equitable interests of the debtor in property" at the time of filing as well as other property that may be recaptured during the bankruptcy. 11 U.S.C. § 541(a)(1); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 522 F. Supp. 2d 569, 577 (S.D.N.Y. 2007). The automatic stay is a fundamental protection "meant to provide 'complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be effected.'" *In re Arcapita Bank B.S.C.(c)*, 648 B.R. 489, 496 (Bankr. S.D.N.Y. 2023) (quoting *SEC v. Brennan*, 230 F.3d 65, 70 (2d Cir. 2000)).

To that end, the commencement of a bankruptcy case automatically stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Put another way, section "362(a)(3) halts any affirmative act that would alter the status quo as of the time of the filing of a bankruptcy petition." *City of Chicago v. Fulton*, 592 U.S. 154, 158 (2021). Under section 362(b)(22) of the Bankruptcy Code, the automatic stay under section 362(a)(3) does not apply to a lessor that obtains a judgment of possession against a debtor "involving residential property in which the debtor resides as a tenant under a lease or rental agreement." 11 U.S.C. § 362(b)(22). Section 362(*l*) provides limited relief from the application of section 362(b)(22) to such a debtor who, with the bankruptcy petition, files a certification under penalty of perjury that (i) under applicable nonbankruptcy law, the debtor is permitted to cure the entire monetary default that gave rise to the judgment of possession, and (ii) the debtor has deposited with the clerk of the bankruptcy court any rent that would become due during the 30-day period after the filing of the petition. If the debtor files a certification that the Court finds fails to comply with section 362(*l*), the lessor is entitled to immediate relief from the automatic stay.

**ANALYSIS**

**Stay Relief**

The Landlords' argument that application of section 362(b)(22) permits them to prosecute the Action assumes that the automatic stay would be in effect absent that exception. The automatic stay applies to property of the estate. *Reverend C.T. Walker Hous. Dev. Fund Corp. v. City of New York*, 586 B.R. 534, 539 n.8 (E.D.N.Y. 2018) (observing that "[t]he automatic stay only applies to 'property of the estate'" (quoting 11 U.S.C. § 362(a))). For that reason, the Court must first determine whether Debtor has a "legal or equitable interest[] . . . in [the California Property] as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Court does so by reference to applicable state law. *Butner v. United States*, 440 U.S. 48, 55 (1979) (state law creates and defines property interests "unless some federal interest requires a different result"); *see also In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1101 (2d Cir. 1990) ("Although federal bankruptcy law determines the outer boundary of what may constitute property of the estate, state law determines the 'nature of a debtor's interest' in a given item. . . . Therefore, whereas federal law instructs us that [an asset] *may* constitute property of [the debtor's] estate, state law determines whether [the debtor's] interest in the [asset] is sufficient to confer on the estate a property right." (quoting *In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir. 1989))). The Court thus determines what interest Debtor might have in the California Property by reference to California law.

Under California law, a tenant under a lease or rental agreement, such as Debtor, is afforded "the exclusive possession of the premises against all the world, including the owner, for the term of the lease." *Campbell v. FPI Mgmt., Inc.*, 317 Cal. Rptr. 3d 391, 404 (Ct. App. 2024) (quoting *Avalon Pac.-Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC*, 122 Cal. Rptr. 3d

10

417, 422 (Ct. App. 2011)). However, once the tenancy is terminated, the tenant no longer maintains any contractual or property right in the premises. *Id.* A landlord may terminate the lease under the unlawful detainer statute if the tenant materially breaches the terms of the lease. *Bos. LLC v. Juarez*, 199 Cal. Rptr. 3d 452, 457 (Ct. App. 2016) (recognizing that even though a materiality requirement is not explicit in Cal. Civ. Proc. Code § 1161(3), courts read such a requirement into the statute). "If [a lessee's] right to possession is terminated by the lessor because of a breach of the lease, the lease terminates." Cal. Civ. Code § 1951.2(a). The unlawful detainer statute also permits terminating the lease if the tenant assigns or sublets the property contrary to the conditions and covenants of the lease. Cal. Civ. Proc. Code § 1161(4). The Notice to Quit served upon Debtor was made pursuant to Cal. Civ. Proc. Code § 1161(3)-(4), and when Debtor failed to comply and vacate the property, the Landlords commenced the Action. Satwalekar Decl. ¶¶ 15-16.

In the Motion, the Landlords state that certain courts have found that under California law, when a debtor's lease is terminated pre-petition, the debtor maintains a possessory interest in the leased premises that is protected by the automatic stay. However, the case law upon which the Landlords rely is no longer good law. The Landlords cite to *Eden Place, LLC v. Perl (In re Perl)*, 513 B.R. 566, 576 (B.A.P. 9th Cir. 2014) ("*Perl I*"), which concluded that "based on our holding in *In re Williams*, Perl's physical occupation of the Residence conferred a possessory interest under California law that was protected by the automatic stay." The *In re Williams* decision to which *Perl I* referred held that the debtor, who conveyed to his girlfriend title to his condo, but who remained living in the condo, maintained a possessory interest that was property of the estate. *Williams v. Levi (In re Williams)*, 323 B.R. 691, 699 (B.A.P. 9th Cir. 2005), *aff'd*, 204 F. App'x 582 (9th Cir. 2006) (unpublished).

11

In *In re Perl*, 811 F.3d 1120, 1130 (9th Cir. 2016) ("*Perl II*"), the Ninth Circuit Court of Appeals reversed *Perl I*. In *Perl I*, the court determined that Eden Place, LLC, the entity that acquired the debtor's property at a foreclosure sale pre-petition and subsequently locked the debtor out of the residence, violated the automatic stay that protected the debtor's "bare possessory interest." *Perl I*, 513 B.R. at 576. In reversing *Perl I*, the Ninth Circuit held:

> The unlawful detainer judgment and writ of possession . . . bestowed legal title and all rights of possession upon Eden Place. Thus, at the time of the filing of the bankruptcy petition, Perl had been completely divested of all legal and equitable possessory rights that would otherwise be protected by the automatic stay. Consequently, the Sheriff's lockout did not violate the automatic stay because no legal or equitable interests in the property remained to become part of the bankruptcy estate.

*Perl II*, 811 F.3d at 1130 (citations omitted); *see also Love v. Pacifica Seacove, LP (In re Love)*, 773 F. App'x 974, 975 (9th Cir. 2019) (unpublished) (relying on *Perl II* to determine that the bankruptcy court properly dismissed the adversary proceeding in which the debtor asserted a violation of the automatic stay because neither the debtor nor the estate retained any right or interest in the property).

Applying *Perl II*, a California district court explained that where an unlawful detainer judgment and writ of possession were obtained before the debtor filed for bankruptcy, the debtor "no longer had any legal or equitable interest in the [property] by the time she filed for bankruptcy; accordingly, there was no automatic stay in place, let alone one that [the property owner] was required to lift." *Brown v. Lion Share Invs., LLC*, No. 17-CV-05531, 2017 WL 6502804, at *2 (N.D. Cal. Oct. 12, 2017); *see Lee v. Baca*, 86 Cal. Rptr. 2d 913, 914 (Ct. App. 1999) ("We hold that the unlawful detainer judgment extinguishes the residential tenant's interest in the property and that a postjudgment bankruptcy filing does not affect the landlord's right to regain possession of his property—because it is not, at that point, property of the tenant/debtor's estate.").

12

Here, on April 23, 2024, the Notice to Quit was served upon Debtor based on her violations of the Lease. Debtor did not comply with the Notice to Quit. As a result, the Landlords commenced an unlawful detainer case against Debtor, and on May 28, 2024, the California Court issued the Judgment of Possession in favor of the Landlords. On May 29, 2024, the Writ of Possession was issued and on June 3, 2024, before the Landlords enforced the orders from the California Court, Debtor filed the Petition.

It is undisputed that the Landlords obtained an unlawful detainer judgment and a writ of possession from the California Court prior to the Petition Date. Accordingly, Debtor no longer maintains any right to the California Property. *In re Meinhardt Iturbe*, No. 23-BK-10022, 2024 WL 340848, at *4 (B.A.P. 9th Cir. Jan. 30, 2024) ("In California, 'entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue.' The filing of a bankruptcy petition cannot reinstate the debtor's title." (citation omitted) (quoting *Perl II*, 811 F.3d at 1127-28)). "[F]iling bankruptcy cannot give a debtor a greater interest in an asset than that which she owned prebankruptcy." *In re Hager*, 651 B.R. 873, 880 (Bankr. E.D. Cal. 2023). Thus, Debtor could not have any right or interest in the California Property on the Petition Date because they were severed pre-petition.

The California Property is not property of Debtor's estate. As a matter of law, the automatic stay does not apply to the California Property, and sections 362(a)(3) and 362(b)(22) do not apply to the Action. The only other sub-sections of section 362(a) that could be relevant to the Motion are not applicable. Section 362 stays the "continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [title 11]," 11 U.S.C. § 362(a)(1), and "the enforcement, against the debtor or

13

against property of the estate, of a judgment obtained before the commencement of the case under this title," id. § 362(a)(2). Neither provision is applicable because the enforcement of the Default Judgment and Writ of Possession is not "against the debtor" because "[i]n California, an unlawful detainer proceeding is *quasi in rem*," *Perl II*, 811 at 1129, and "act[s] to obtain possession of [a] Property" are "not stayed by sections 362(a)(1) and 362(a)(2) of the Code," where state law would classify those actions as *quasi in rem*. *In re St. Clair*, 251 B.R. 660, 669 (D.N.J. 2000), *aff'd sub nom. St. Clair v. Wood*, 281 F.3d 224 (3d Cir. 2001); *see also In re Ebadi*, 448 B.R. 308, 318 (Bankr. E.D.N.Y. 2011) (explaining that an "in rem action against property in which a debtor does not have an ownership interest would likely not run afoul with the automatic stay," but actions that are partially *in personam* against a debtor would). The automatic stay does not bar the Landlord's continued prosecution of the Action against the Debtor. The Court need not consider either whether cause exists under section 362(d) to grant relief from the automatic stay, or whether to dismiss the petition pursuant to section 707(a) of the Bankruptcy Code.

**The Objection**

The Court has no need to address at length the evidentiary challenges that Debtor raises to the Motion based on Federal Rule of Evidence 403. Federal Rule of Bankruptcy Procedure 9017 makes the Federal Rules of Evidence applicable to "cases under the Code." Fed. R. Bankr. P. 9017. Federal Rule of Evidence 403 allows a court to exclude relevant evidence if "its probative value is substantially outweighed by a danger of," as argued here, "unfair prejudice." Fed. R. Evid. 403. Evidence is relevant when "it has any tendency to make a fact more or less probable than it would be without the evidence." *United States v. White*, 692 F.3d 235, 246 (2d Cir. 2012) (quoting Fed. R. Evid. 401). The fact must also be "of consequence in determining the action." Fed. R. Evid. 401.

14

Here, the photographs that Debtor seeks to exclude are not relevant because the Court's decision on the Motion does not rely on them. Rather, the Court's decision is based only on the dispossessory judgment rendered by the California Court. Thus, because those photographs are not relevant evidence, they have no probative value against which to be weighted. For that reason, the Court denies Debtor's evidentiary objection.

The Court addresses in turn the other relief that Debtor seeks through the Objection.

Debtor contends that the photographs violate the "spirit" of Federal Rule of Bankruptcy Procedure 9037. That rule provides, as relevant:

(a) Redacted filings

> Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Fed. R. Bankr. P. 9037(a). Here, the photographs depict Debtor and "another individual" standing on the California Property's driveway. Satwalekar Decl. ¶ 27. Even if the other "individual" that the Satwalekar Declaration identifies is Debtor's minor cousin, the Objection fails to explain how any category of information that must be redacted under Fed. R. Bankr. P. 9037 is implicated, and does not argue how the Court could or why it should expand that list to include categories of information that are not implicated by the rule.

15

Equally meritless is the argument that those photographs violate section 1708.8 of the California Civil Code. That section provides, as relevant, that:

> (a) A person is liable for physical invasion of privacy when the person knowingly enters onto the land or into the airspace above the land of another person without permission or otherwise commits a trespass in order to capture any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a private, personal, or familial activity and the invasion occurs in a manner that is offensive to a reasonable person.
>
> (b) A person is liable for constructive invasion of privacy when the person attempts to capture, in a manner that is offensive to a reasonable person, any type of visual image, sound recording, or other physical impression of the plaintiff engaging in a private, personal, or familial activity, through the use of any device, regardless of whether there is a physical trespass, if this image, sound recording, or other physical impression could not have been achieved without a trespass unless the device was used.

Cal. Civ. Code § 1708.8. Whether an activity is "private, personal, or familial" generally turns on whether it is one about which one has a reasonable expectation of privacy. The statute gives examples of such activities:

> (A) Intimate details of the plaintiff's personal life under circumstances in which the plaintiff has a reasonable expectation of privacy.
>
> (B) Interaction with the plaintiff's family or significant others under circumstances in which the plaintiff has a reasonable expectation of privacy.
>
> (D) Any activity that occurs on a residential property under circumstances in which the plaintiff has a reasonable expectation of privacy.
>
> (E) Other aspects of the plaintiff's private affairs or concerns under circumstances in which the plaintiff has a reasonable expectation of privacy.

Cal. Civ. Code § 1708.8(*l*)(1)(A)-(B), (D)-(E).

Debtor had no reasonable expectation of privacy in the California Property's driveway. "Under California law, an individual has no reasonable expectation of privacy with respect to activities observable in plain view from a public place where the observer has the right to be."

16

*Finley v. Hartford Life & Acc. Ins. Co.*, No. C 06-6247, 2007 WL 4374417, at *10 (N.D. Cal. Dec. 14, 2007) (citing *Lorenzana v. Superior Ct.*, 511 P.2d 33, 35 (Cal. 1973); *People v. Stanley*, 86 Cal. Rptr. 2d 89 (Ct. App. 1999)). The pictures appear to have been taken from a camera facing the driveway pointed toward the street and directly in front of the driveway. The garage door was open in each photograph, and each photograph depicts only what could have been seen by any member of the public from the road that some of the photographs depict abutting the property. Debtor did not have a reasonable expectation of privacy in the activities or vehicles that the photographs depict. Thus, because the activities depicted in the photos were not "private, personal, or familial," Debtor cannot demonstrate that the Landlords violated section 1708.8 of the California Civil Code.

As to Debtor's request that the Court strike the Landlords' characterization of Debtor as a "bad actor," Objection ¶ 5, or otherwise "address" it, Objection ¶ 10, that relief is not warranted here. "[A] motion to strike is only proper when directed at 'pleadings,' within the meaning Fed. R. Civ. P. 7(a)." *O'Brien v. Wisniewski*, No. 10-CV-120, 2012 WL 1118076, at *5 (D. Conn. Apr. 3, 2012). Neither a declaration nor a motion is a pleading. *See* Fed. R. Civ. P. 7(a) (enumerating which documents constitute pleadings).

In any event, the characterization of Debtor as a "bad actor" is far from the sort of allegation that warrants striking. "Motions to strike are disfavored, and should be granted only if 'there is a strong reason to do so.'" *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). Because the sole relevant ground for granting the Motion is the Judgment of Possession, the Court could do without the parties' mutual invective. Still, none of the parties' submissions come close to reaching

the high standard against which motions to strike are granted. The Court will not strike such material here.

## CONCLUSION

For the reasons set forth herein, the Court grants the Motion in part. The automatic stay does not apply to the California Property as a matter of law, nor does it prevent the Landlords from prosecuting the Action. Because the automatic stay does not protect the California Property or prevent the prosecution of the Action, there is no stay to "lift" under section 362(d) of the Bankruptcy Code. The Court need not and does not consider the Motion's alternative request for dismissal of the bankruptcy case under section 707(a).

IT IS SO ORDERED.

Dated: August 12, 2024
      New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge