| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| ------------------------------------------------------------- x | |
| In re: : | Case No. 24-10996 (JLG) |
| : | |
| Wang Shuang, : | Chapter 7 |
| : | |
| Debtor. : | |
| ------------------------------------------------------------- x | |

# MEMORANDUM DECISION AND ORDER
# GRANTING THE TRUSTEE'S MOTION TO DISMISS CASE

**APPEARANCES:**

Togut, Segal & Segal LLP
*Counsel to the Chapter 7 Trustee,*
*Albert Togut*
One Penn Plaza, Suite 3335
New York, New York 10119
By:    Neil Berger

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION

Wang Shuang (the "Debtor") is a pro se chapter 7 debtor herein.  Albert Togut, Esq. is the chapter 7 trustee of Debtor's estate (the "Trustee").  The matter before the Court is the Trustee's motion for an order pursuant to section 707(a) of title 11, United States Code (the "Bankruptcy Code"), dismissing the Debtor's case (the "Motion").[1]  The Motion is supplemented by the declaration of the Trustee's counsel, Neil Berger, Esq., (the "Berger Decl.").[2]  The Debtor did not respond to the Motion.

---

[1] *Motion To Dismiss Case*, ECF No. 30, at pp. 3-7.  References to "ECF No. __" are to documents filed on the electronic docket of the above captioned case.

[2] *Declaration of Neil Berger in Support of Dismissal of Chapter 7 Case,* ECF No. 30 at pp. 11-13.

On October 30, 2024, the Court conducted a hearing on the Motion. The Debtor did not appear at the hearing. The Trustee appeared at the hearing through his counsel. The Court heard argument from the Trustee.

For the reasons set forth herein, the Court grants the Motion.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

On June 3, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition")[3] in this Court. She also filed an application to waive the filing fee for the Petition.[4] The Debtor filed the Petition without any Schedules or a Statement of Financial Affairs (the "SOFA"). She also failed to include her social security number in the Petition. On June 4, 2024, the Clerk of the Court:

> (i) entered an order granting the Debtor's application to waive the filing fee,[5]
>
> (ii) caused a Deficiency Notice[6] to be served on the Debtor; without limitation, the notice fixed June 17, 2024, as the date for the Debtor to file her Schedules and SOFA, and notified the Debtor that her failure to file certain Statements and

---

[3] *Chapter 7 Voluntary Petition for Individuals*, ECF No. 1.

[4] *Application to Have the Chapter 7 Filing Fee Waived*, ECF No. 3.

[5] *Order on the Application to Have the Chapter 7 Filing Fee Waived*, ECF No. 5.

[6] *Deficiency Notice*, ECF No. 2.

2

    Schedules within 45 days of the Petition Date may result in automatic dismissal of the chapter 7 case pursuant to section 521(i) of the Bankruptcy Code,[7] and

    (iii) caused a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines to be served upon the Debtor and all of the Debtor's known creditors;[8] without limitation, the notice advised the Debtor of the date, time, and place of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "Section 341 Meeting"), to be conducted on July 17, 2024.

After his appointment, the Trustee, through his counsel, made numerous attempts to contact the Debtor by telephone and by email to obtain her social security number, to discuss the case, and to demand that the Debtor produce documents concerning her financial affairs, including tax and financial documents (the "Requested Documents"). Berger Decl. ¶¶ 3, 6.

On June 15, 2024, two days before the deadline to file the Schedules and SOFA, the Debtor, citing health complications, requested an extension of time to prepare and submit the necessary documents.[9] On June 25, 2024, the Court granted the application and extended Debtor's deadline to file her Schedules and SOFA to August 30, 2024.[10]

The Petition identified Avinash Satwalekar and Kavita Satwalekar (the "Landlords") as Debtor's only creditors. On July 10, 2024, the Landlords jointly filed a motion for an order pursuant to section 362(b)(22) of the Bankruptcy Code confirming that the automatic stay does not apply to their eviction proceeding pending against the Debtor in California state court (the "Eviction Proceeding"), and, alternatively, dismissing the case based on Debtor's alleged fraud in

---

[7] Specifically, Schedule A/B, Schedule D, Schedule E/F, Schedule I, Schedule J, and the SOFA. *See Deficiency Notice*, at 1.

[8] *Notice of Chapter 7 Bankruptcy Case, 341(a) Meeting of Creditors & Notice of Appointment of Interim Trustee Albert Togut*, ECF No. 4.

[9] *Application to Extend Time to File Schedules*, ECF No. 10. Debtor did not file her Schedules and Statements on or before the June 17, 2024, deadline, however, pursuant to Local Rule 9006-2, upon her request for an extension of time prior to the deadline, the deadline was automatically extended until the Court resolved the request.

[10] *Order Extending Time to File Schedules and Statements*, ECF No. 11.

3

filing the Petition (the "Landlord Motion").[11]  On July 16, 2024, the Debtor filed an objection to the motion (the "Landlord Motion Objection").[12]  The Court scheduled a hearing on the motion for August 6, 2024.

The Debtor failed to disclose her social security number and to produce any of the Requested Documents in advance of the Section 341 Meeting.  Berger Decl. ¶ 6.  By notice dated July 18, 2024,[13] the Trustee adjourned the meeting to August 21, 2024.  *Id.*

On August 6, 2024, the Court conducted a hearing on the Landlord Motion.  The Debtor failed to appear at the hearing.  On August 12, 2024, the Court entered an order overruling the Landlord Motion Objection, granting the Landlord Motion in part, and confirming that no automatic stay was in effect regarding the Eviction Proceeding.[14]

The Debtor did not appear at the adjourned Section 341 Meeting and failed to produce any of the Requested Documents to the Trustee.  The Trustee further adjourned the Section 341 Meeting to September 18, 2024.[15]

---

[11] *Landlords' Motion for an Order (I) Confirming that the Automatic Stay does not Apply to the Continued Eviction of the Debtor Pursuant to 11 U.S.C. § 362(b)(22), Granting Relief from the Automatic Stay with Respect to any Aspect of the Debtor's Eviction Which may be Subject to the Stay Pursuant to 11 U.S.C. § 362(d), and for Waiver of the Stay of Such Order Under Fed. R. Bankr. P. 4001(a)(3); and/or (II) Dismissing the Debtor's Case with Prejudice*, ECF No. 14.

[12] *Opposition to Motion to Lift Automatic Stay and Motion to Strike Improper Information*, ECF No. 20.

[13] *Trustee's Notice of Continued Meeting of Creditors*, ECF No. 19.

[14] *Memorandum Decision and Order Resolving the Landlords' Motion for an Order (I) Confirming that the Automatic Stay does not Apply to the Continued Eviction of the Debtor Pursuant to 11 U.S.C. § 362(b)(22), Granting Relief from the Automatic Stay with Respect to any Aspect of the Debtor's Eviction Which may be Subject to the Stay Pursuant to 11 U.S.C. § 362(d), and for Waiver of the Stay of any Order Under Fed. R. Bankr. P. 4001(a)(3); and/or (II) Dismissing the Debtor's Case with Prejudice*, ECF No. 21.

[15] *Trustee's Notice of Continued Meeting of Creditors*, ECF No. 24.

4

The Debtor failed to appear at the further adjourned Section 341 Meeting. The Debtor has not disclosed her social security number to the Trustee or produced any of the Requested Documents.

**The Motion to Dismiss**

"[B]ankruptcy is a privilege, not a right." *In re Sochia*, 231 B.R. 158, 160 (Bankr. W.D.N.Y. 1999). To obtain the extraordinary relief of a discharge in bankruptcy and "fresh start" available to an "honest" debtor under chapter 7 of the Bankruptcy Code

> [a]ll that a debtor must do is to file complete and accurate statements and schedules, as required by Section 521 and [Bankruptcy] Rule 1007, personally attend and be examined at a meeting of creditors, as required by Section 343, and fully cooperate with the Trustee, the U.S. Trustee and the Bankruptcy Court to insure that the bankruptcy estate is properly administered.

*Id*. The Trustee maintains that the Court should dismiss this case because the Debtor has not met those standards. The undisputed facts show that the Debtor has failed to file her Schedules and SOFA, provide the Trustee with her social security number, produce the Requested Documents, and appear for examination pursuant to sections 341 and 343 of the Bankruptcy Code. Berger Decl. ¶¶ 6, 9-10. The Trustee contends that the Debtor's failures to provide documents and records pursuant to section 521 of the Bankruptcy Code and to appear for examination pursuant to section 343 of the Bankruptcy Code have prevented him from administering the Debtor's estate and have caused an unreasonable delay that is prejudicial to Debtor's creditors. Motion at 1-2. Accordingly, the Trustee seeks an order dismissing the chapter 7 case pursuant to section 707(a)(1) of the Bankruptcy Code. *Id*. at 2.

The Debtor did not respond to the Motion.

**LEGAL PRINCIPLES**

Pursuant to section 343 of the Bankruptcy Code, a debtor is required to "appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." 11 U.S.C.

5

§ 343. Section 521 of the Bankruptcy Code mandates that a debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title[,]" and to "surrender to the trustee . . . any recorded information, including books, documents, records, and papers, relating to property of the estate[.]" 11 U.S.C. § 521(a)(3), (4).

Section 707 is a statutory mechanism for dismissing chapter 7 cases. It provides that a court "may dismiss" a case under chapter 7 of the Bankruptcy Code "after notice and a hearing," and "only for cause[.]" 11 U.S.C. § 707(a). It includes three non-exclusive examples of "cause." *Id*;[16] *see Smith v. Geltzer (In re Smith)*, 507 F.3d 64, 72 (2d Cir. 2007) ("[T]he Bankruptcy Code does not define 'cause,' and the three examples given in section 707(a) are illustrative, not exclusive.") (citations omitted). Accordingly, "[a] bankruptcy court's decision to dismiss a case for cause under Section 707(a) is guided by equitable considerations and is committed to the sound discretion of the bankruptcy court." *Wilk Auslander LLP v. Murray (In re Murray)*, 900 F.3d 53, 58 (2d Cir. 2018); *see also In re Oliver*, 279 B.R. 69, 70 (Bankr. W.D.N.Y. 2002) ("By its use of the word 'may,' § 707(a) imposes no mandate for the dismissal of any case, but reserves such outcome to the sound discretion of the court in those instances where cause is demonstrated.").

---

[16] Section 707(a) states:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days ... the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). !

In assessing whether there is cause for relief under section 707(a), the Court must consider "the interests of both the debtors and creditors" and consider on a case-by-case basis whether there is "cause" sufficient to warrant dismissal. *In re Somers*, 448 B.R. 677, 680 (Bankr. S.D.N.Y. 2011) (citing *Dinova v. Harris (In re Dinova),* 212 B.R. 437, 441-42 (2d Cir. BAP 1997)).  Generally, the best interest of a debtor is in "securing an effective fresh start and in the reduction of administrative expenses leaving him with resources to work out his debts." *In re Dinova*, 212 B.R. at 441 (quoting *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986)) (internal quotations omitted).  The issue for creditors is one of prejudice. *Id*.  "They are generally not prejudiced by dismissal since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims. But creditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting amounts owed to them." *Id.*  (internal quotations omitted).

The party moving for dismissal bears the burden of proving cause by a preponderance of the evidence. *In re Ajunwa*, No. 11-11363, 2012 WL 3820638, at * 6 (Bankr. S.D.N.Y. Sept. 4, 2012) (citing *In re Aiello*, 428 B.R. 296, 299 (Bankr. E.D.N.Y. 2010)).

## ANALYSIS

The Trustee argues that there are grounds under section 707(a) to dismiss this case because the Debtor caused unreasonable delay in the administration of this case by failing to attend any of the Section 341 Meetings and failing to provide the Trustee with her social security number and any of the Requested Documents, in violation of sections 343 and 521 of the Bankruptcy Code, respectively. Motion at 1-2.  "[U]nreasonable delay by the debtor that is prejudicial to creditors" is one of the examples of "cause" provided in Section 707(a) of the Bankruptcy Code. *See* 11 U.S.C. § 707(a)(1).  However, "[t]he Bankruptcy Code does not identify the precise type of

7

conduct or behavior that would constitute 'unreasonable delay' thereby causing 'prejudice' to creditors." *In re Campbell*, No. 22-11414, 2023 WL 4417325 at *3 (Bankr. S.D.N.Y. July 7, 2023) (quoting *In re Gaulden*, 522 B.R. 580, 589 (Bankr. W.D. Mich. 2014)).

Courts routinely find that a debtor's failure to attend section 341 meetings and to turnover estate documents to a chapter 7 trustee gives rise to unreasonable delay that is prejudicial to creditors. For example, in *Campbell*, this Court held that the U.S. Trustee met his burden under section 707(a)(1) of demonstrating that the Debtor caused unreasonable delay that was prejudicial to creditors where the U.S. Trustee established, among other things, that the debtor filed his schedules "very late" (five months after the petition date), thereby causing delays in holding the section 341 meeting, and the schedules were inaccurate and incomplete, further delaying the administration of the case. *Id.* at *4. Likewise, as discussed in *In re Wen Hua Xu*, 386 B.R. 451, 454 (Bankr. S.D.N.Y. 2008), this Court found that cause for relief under section 707(a)(1) existed where there were "clear misrepresentations in court filings, repeated failures to attend section 341 meetings, failures to produce business records and failures to fully and truthfully disclose assets and businesses held by the Debtor and his then co-debtor wife." (footnote omitted). Similarly, in *In re Luu*, No. 08-36517-H3-7, 2009 WL 1519104, at *5 (Bankr. S.D. Tex. May 28, 2009), the court held that the debtor and his counsel unreasonably delayed the bankruptcy process by failing to cooperate with the trustee, failing to file accurate and complete schedules and statement of financial affairs, and failing to amend the disclosures to correct the deficiencies until confronted with a motion to dismiss. The court found that the conduct was prejudicial in that it denied creditors with an opportunity to understand the true state of the debtor's finances. *See id*; *In re Gaulden*, 522 B.R. at 589 ("A debtor must answer all questions contained in the schedules and other disclosure documents accurately so that creditors have a complete understanding of a debtor's

8

financial condition."). Finally, in *In re Delone*, No. 06-10087, 2006 WL 3898390, at *2 (Bankr. E.D. Pa. May 31, 2006), the court found cause under section 707(a)(1) where the debtor failed to pay fees, obtain credit counseling, or attend section 341 meetings.

The undisputed facts demonstrate that the Trustee has not been able to conduct the Section 341 Meeting because the Debtor has unjustifiably failed to file her Schedules and SOFA, has failed to produce the Requested Documents, and has failed to appear at the Section 341 Meeting. Moreover, the Debtor's refusal to disclose her social security number has prevented the Trustee from accessing information necessary to the administration of the estate and has therefore denied the Trustee an opportunity to administer the Debtor's estate. As such, the Trustee has shown by a preponderance of the evidence that the Debtor caused delay in the administration of the case that is prejudicial to creditors, warranting dismissal of the case.

## CONCLUSION

Based on the foregoing, the Court grants the Motion.

IT IS SO ORDERED.

Dated: November 4, 2024
    New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge